*Court Ex. #1 on 10-2-13*



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 1, 2013

**BY ELECTRONIC MAIL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-2-13

The Honorable John F. Keenan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Oscar Minaya et al., 11 Cr. 755**

Dear Judge Keenan:

The Government submits this letter brief to request respectfully that the Court reconsider its ruling regarding the admissibility of the testimony of cooperating witnesses regarding co-conspirator statements about past events conveyed shortly after the events that occurred during the time period of the charged conspiracies.

A. **Applicable Law**

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides, in relevant part, that "[a] statement that meets the following conditions is not hearsay if . . . the statement is offered against an opposing party and[] was made by the party's coconspirator during and in furtherance of the conspiracy." To admit a statement pursuant to this Rule, the Court must find two facts by a preponderance of the evidence: first, a conspiracy that included the defendant and the declarant existed, and, second, the statement was made during the course and in furtherance of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999).

Although admissible co-conspirator statements are limited to those made "in furtherance" of the conspiracy, this standard is not unduly restrictive. It permits introduction of any coconspirator statement that "can reasonably be interpreted as encouraging a co-conspirator or other person to advance the conspiracy, or as enhancing a co-conspirator or other person's usefulness to the conspiracy." *United States v. Tarantino*, 846 F.2d 1384, 1412 (D.C. Cir. 1988). Indeed, the requirement that the challenged statement be "in furtherance of" the conspiracy is satisfied if the statement's objective is "designed to promote or facilitate achievement of the goals of that conspiracy." *United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994). Statements between coconspirators that "provide reassurance, serve to maintain trust and cohesiveness

among them, or inform each other of the current status of conspiracy," further the conspiracy, *United States v. Simmons*, 923 F.2d 934, 945 (2d Cir. 1991), as do statements "that apprise a coconspirator of the progress of the conspiracy," *United States v. Rahme*, 813 F.2d 31, 36 (2d Cir. 1987). These prerequisites need be proved only by a preponderance of the evidence. *United States v. Orena*, 32 F.3d 704, 711 (2d Cir. 1994); *see also United States v. Padilla*, 203 F.3d 156, 162 (2d Cir. 2000).

The Second Circuit has found that coconspirator statements that "provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness or inform each other as to the progress or status of the conspiracy" further the ends of the conspiracy, *United States v. Maldonado-Rivera*, 922 F.2d 934, 959 (2d Cir. 1990), as do statements "that apprise a coconspirator of the progress of the conspiracy," *United States v. Rahme*, 813 F.2d 31, 36 (2d Cir. 1987). *See also United States v. Amato*, 15 F.3d 230, 234 (2d Cir. 1994) (statement apprising co-conspirator in loansharking conspiracy of status of loan was made in furtherance of the conspiracy); *United States v. Rastelli*, 870 F.2d 822, 837 (2d Cir. 1989) (statement among conspirators that defendant was receiving proceeds of extortion was in furtherance of conspiracy because it informed conspirators of status of conspiracy).

This is also true of statements that describe past events. *See United States v. Thai*, 29 F.3d 785, 813 (2d Cir. 1994) ("[S]tatements relating past events meet the in-furtherance test if they serve some current purpose in the conspiracy."); *see also Dresna*, 260 F.3d at 159 (in prosecution of members of a motorcycle gang, statements made at the gang meeting that recounted attempted arson committed by gang affiliate were admissible in prosecution of affiliate because statements "could be understood as informing other co-conspirators about the status of the conflict between two gangs, and perhaps as an exhortation to avoid ridicule by doing things right"), *citing Maldanado-Rivera*, 922 F.2d at 958 (2d Cir. 1990); *see also United States v. Flaharty*, 295 F.3d 182, 199-200 (2d Cir. 2002) (in a continuing criminal enterprise prosecution, in order to demonstrate the amount of money that the defendant was making from the enterprise, it was not error to permit a cooperating witness to testify that a coconspirator had told the witness the amount of money that the defendant was making because the issue was relevant to the operation of the enterprise).

Indeed, "statements that describe past events are in furtherance of the conspiracy if they are made . . . simply to keep coconspirators abreast of current developments and problems facing the group." *United States v. Jefferson*, 215 F.3d 820, 824 (8th Cir. 2000). In *United States v. Lozano-Reyes*, the Second Circuit affirmed the trial court's admission of co-conspirator statements relating to past events because the statements served a current purpose in the conspiracy, namely, "to engender trust, to increase [the witness's] familiarity with the conspiracy's modus operandi, and to outline future conspiratorial actions and the anticipated profits." 101 F.3d 686, at *2 (2d Cir. June 12, 1996) (unpublished opinion).

B.  Discussion

Based on the longstanding legal principles set forth above, the Government respectfully requests that the Court reconsider its ruling that statements made by a non-testifying coconspirator to a cooperating witness after a particular incident cannot be admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

The statements at issue here were made in furtherance of the conspiracy. The Government attempted to elicit testimony from Juan Marte, a cooperating witness, about what Jose Ortega, a co-conspirator, told him about robberies and kidnappings Ortega committed with the defendants and other co-conspirators. The Government anticipates that other cooperating witnesses will also testify about similar conversations with Ortega and other members of the conspiracy.

Ortega, Marte, and the defendants are all alleged to be members of the same robbery and kidnapping conspiracy, which has been established by a preponderance of the evidence through the testimony of cooperating witness Domingo Bautista, among other evidence. Though the robberies and kidnappings Ortega described to Marte were past events, Ortega's statements informed Marte about the progress of the conspiracy and the activities of their coconspirators. Each and every participant in the robbery and kidnapping conspiracy had a vested interest in keeping each other appraised of the details of their criminal acts. The relationships among all of the participants in the conspiracy, including the cooperating witnesses and defendants, were almost exclusively criminal in nature, involving a continuing course of robberies and kidnappings. Their statements to each other, whether about crimes they committed together or with others, are within the time period of the charged conspiracy and served to "foster trust and cohesiveness or inform each other as to the progress or status of the conspirac[ies]." *Dresna*, 260 F.3d at 159. The information provided after a particular incident kept the coconspirators who were not present notified of the status of the conspiracy.

Furthermore, the robberies and kidnappings that Ortega described to Marte were consistent in execution and objective to robberies and kidnappings in which Marte had participated. There is no suggestion that the incidents Ortega described to Marte were somehow divorced from the goals of the conspiracy of which Ortega, Marte, and the defendants were a part. The statements about how particular incidents happened demonstrate that the coconspirators used a particular modus operandi; namely, each of these jobs involved surveillance, apprehension or restraint of the victims, and use of violence.

Accordingly, the proffered testimony is admissible as coconspirator statements made in furtherance of the charged conspiracies, and the Government respectfully requests that the Court allow such testimony.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: __/s/_____
Jessica Ortiz / Ryan Poscablo /
Megan Gaffney
Assistant United States Attorney
Southern District of New York
(212) 637-2105

cc: All counsel (by email)