USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA            :
                                    :
      -against-                     :    No. 11 Cr. 755 (JFK)
                                    :
OSCAR MINAYA,                       :    **OPINION & ORDER**
                                    :
                        Defendant.  :
-----------------------------------X

APPEARANCES

FOR DEFENDANT OSCAR MINAYA:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Jacob R. Fiddelman
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge**:

On October 7, 2021, Defendant Oscar Minaya ("Minaya") filed a pro se motion for "relief pending appeal" pursuant to Federal Rule of Criminal Procedure 37(a)(3) ("the Motion"). (ECF No. 502.) On February 17, 2022, the Court received a letter from Minaya ("February 17 Letter") requesting the appointment of counsel to assist in the filing of a habeas petition pursuant to 28 U.S.C. § 2255. (ECF No. 505.) Minaya's two-sentence letter indicates that he will argue in his contemplated § 2255 petition that his trial counsel was constitutionally ineffective and new exculpatory evidence has been discovered in his case. (ECF No. 505.) The Court addresses Minaya's pending Motion and February 17 Letter in turn.

**I.   Discussion**

1

### a. Motion for Relief Pending Appeal

In his self-styled "Motion for Relief Pending Appeal," Minaya requests dismissal of his indictment and his immediate release from prison on the grounds that law enforcement witnesses committed perjury before the Grand Jury when the original indictment in this case was returned in 2011. (ECF No. 502.) Federal Rule of Criminal Procedure 37, which Minaya purports to invoke in the Motion, governs requests for indicative rulings when the district court is without jurisdiction to grant the requested relief due to a pending appeal. See Fed. R. Crim. P. 37(a). Presently, there is no pending appeal in this case and no need for an indicative ruling under Rule 37. Accordingly, any claim for relief under Rule 37 is moot.

To the extent Minaya seeks to use the Motion to collaterally attack his conviction, the proper vehicle for such a claim is 28 U.S.C. § 2255. Accordingly, the Court will provide Minaya with the opportunity to withdraw the Motion and bring all of his § 2255 claims in a single petition. Pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), the Court hereby notifies Minaya that successive § 2255 petitions are subject to certain restrictions and "must be certified . . . by a panel of the appropriate court of appeals" to contain: (1) "newly discovered evidence that, if proven and viewed in light

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In light of these restrictions, the Court strongly recommends that Minaya withdraw his Motion for Relief Pending Appeal in a written letter to the Court and assert all of his § 2255 claims in a single petition.

    **b. Request for Appointment of Counsel**

Regarding Minaya's February 17 Letter, the Court notes that prisoners do not have a constitutional right to the assistance of counsel in connection with petitions for post-conviction relief. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). District Courts are under no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." Johnson v. Avery, 393 U.S. 483, 488 (1969). Instead, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." Id.

District Courts do, however, have discretion to appoint counsel for financially eligible § 2255 petitioners when "the interests of justice so require." 18 U.S.C. § 3006(A)(2). In

determining whether the "interests of justice" require the appointment of counsel, courts first consider "whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (internal quotation marks and citation omitted). In making such a determination, the Court must decide whether, "the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." Ferrer v. Artus, No. 04 Civ. 5063 (RMB), 2005 WL 1653878 at *2-3 (S.D.N.Y. July 12, 2005) (internal quotation marks and citations omitted). "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985).

At present, the Court is unaware of the nature and substance of Minaya's ineffective assistance of counsel claim. Without more information regarding why Minaya believes his trial counsel was constitutionally ineffective, the Court is unable to evaluate the merits of Minaya's contemplated § 2255 petition.

4

Accordingly, Minaya's application for the appointment of counsel is denied without prejudice. Minaya is granted leave to file a new application for the appointment of counsel setting forth (1) the claims he will raise in his contemplated § 2255 petition and, to the extent he is able to do so, the factual basis for his claims, and (2) information concerning his current financial eligibility.

**II.   Conclusion**

In sum, the Court denies, without prejudice, Minaya's February 17 Letter request (ECF No. 505) for the appointment of counsel and recommends that Minaya undertake the following steps: (1) withdraw his Motion for Relief Pending Appeal in a written letter to the Court; (2) submit to the Court a renewed application for the appointment of counsel describing the claims he will raise in his § 2255 petition, including any claim concerning alleged perjury before the Grand Jury; and (3) file a § 2255 petition after the Court rules on his renewed application for the appointment of counsel.

**SO ORDERED.**

Dated:   New York, New York
         February 28, 2022

                                    _____
                                        John F. Keenan
                                    United States District Judge