```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/30/22
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------X
UNITED STATES OF AMERICA                :
                                        :
     -against-                          :        No. 11 Cr. 755 (JFK)
                                        :
OSCAR MINAYA,                           :        **OPINION & ORDER**
                                        :
                     Defendant.         :
----------------------------------------X

<u>APPEARANCES</u>

FOR DEFENDANT OSCAR MINAYA:
     <u>Pro Se</u>

FOR THE UNITED STATES OF AMERICA:
     Jacob R. Fiddelman
     U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is <u>pro se</u> Defendant Oscar Minaya's

("Minaya") motion requesting a "90-day extension of time" to

file a motion under 28 U.S.C. § 2255 ("Motion").  The Government

opposes the Motion.  For the reasons that follow, Minaya's

Motion is DENIED without prejudice.

   **I. Background**

   In October 2013, Minaya was convicted by a jury of numerous

felonies, including Hobbs Act robbery, kidnapping, conspiracy,

and four counts of using a firearm in furtherance of a "crime of

violence," in violation of 18 U.S.C. § 924(c).  (Verdict Form,

ECF No. 163.)  On February 24, 2014, the Court sentenced Minaya

to a term of imprisonment of 92 years, the then applicable

mandatory minimum.  (Sentencing Transcript at 20:22, ECF No.

282.)   Minaya appealed his conviction and after several years of

appellate litigation, the Court resentenced Minaya to 47 years'

incarceration on June 23, 2021.   (Amended Judgment, ECF No.

489.)   An Amended Judgment was entered on June 29, 2021.   (Id.)

Because Minaya did not file a direct appeal, the Amended

Judgment became final on July 13, 2021.   See Fed. R. App. P.

4(b)(1) (requiring that appeals in criminal cases be filed

within fourteen days of judgment); Moshier v. United States, 402

F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of §

2255 motions, an unappealed federal criminal judgment becomes

final when the time for filing a direct appeal expires.").

On October 7, 2021, Minaya filed a pro se motion for

"relief pending appeal" pursuant to Federal Rule of Criminal

Procedure 37(a)(3).   (Mot. for Relief Pending Appeal, ECF No.

502.)   In that motion, Minaya argued that the indictment in his

case must be dismissed because law enforcement witnesses

committed perjury before the Grand Jury when the indictment was

returned in 2011.   (Id.)   By letter dated February 17, 2022,

Minaya moved for the appointment of counsel to assist him in the

filing of a motion under 28 U.S.C. § 2255.   (Request for

Appointment of Counsel, ECF No. 505.)   In the letter, Minaya

stated that he intended to allege that his trial counsel was

constitutionally ineffective, and that new exculpatory evidence

had been discovered in his case.   (Id.)   In a February 28, 2022,

2

Opinion and Order, the Court denied both motions without
prejudice and directed Minaya to "(1) withdraw his Motion for
Relief Pending Appeal in a written letter to the Court; (2)
submit to the Court a renewed application for the appointment of
counsel describing the claims he will raise in his § 2255
petition, including any claim concerning alleged perjury before
the Grand Jury; and (3) file a § 2255 petition after the Court
rules on his renewed application for the appointment of
counsel." United States v. Minaya, No. 11 Cr. 755 (JFK), 2022
WL 594150, at *2 (S.D.N.Y. Feb. 28, 2022).  On May 12, 2022,
Minaya withdrew his Rule 37 motion.  (May 23, 2022, Order, ECF
No. 514.)

     On June 28, 2022, the Court received the instant Motion
requesting a ninety-day extension of time to file a 28 U.S.C. §
2255 petition.  (Motion for Extension of Time, ECF No. 529-1.)
In the Motion, Minaya claims that he has been unable to submit a
§ 2255 petition because (1) BOP personnel took "possession of
all [of] his legal documents" in December 2018, and (2) prison
lockdowns have prevented him from accessing the law library.
(Id. at 3–5.)  Minaya also reiterates that he intends to file an
ineffective assistance of counsel claim.  (Id. at 2.)  He does
not, however, describe the substantive grounds on which his
claim will rely.  (Id.)  The Government, in response to Minaya's
extension request, argues that "the Court may not grant such an

3

extension prospectively . . . [because] such a request may only
be granted 'upon or after filing of an actual section 2255
motion.'"  (Government Letter, dated June 28, 2022, ECF No. 529
(citing Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001).)
The Court agrees.

## II. Discussion

District courts "lack[] jurisdiction to consider the
timeliness of a § 2255 petition until a petition is actually
filed."  United States v. Leon, 203 F.3d 162, 164 (2d Cir.
2000).  "Prior to an actual filing, 'there is no case or
controversy to be heard, and any opinion . . . on the timeliness
issue would be merely advisory.'"  Green, 260 F.3d at 82
(quoting Leon, 203 F.3d at 164).  Accordingly, when faced with a
motion for extension of time, a district court "must first
determine whether the motion contains allegations supporting a
claim for relief under [§] 2255."  Green, 260 F.3d at 83.  "If
it does not, the district court has no jurisdiction . . . to
consider the motion."  Id. at 83.

Here, Minaya has not filed a § 2255 motion and his present
request for an extension of time cannot be construed as a
substantive motion under § 2255.  "A motion under [§] 2255 must
'specify all the grounds for relief which are available to the
movant and of which he has or, by the exercise of reasonable
diligence, should have knowledge and shall set forth in summary

4

form the facts supporting each of the grounds thus specified.'"
Id. (quoting Rules Governing Section 2255 Proceedings, Rule
2(b)).  Minaya's June 10, 2022, extension request does not
contain a factual or legal basis for his contemplated
ineffective assistance of counsel claim.  Accordingly, Minaya's
request for an extension of time cannot be construed as a
substantive motion for relief under § 2255 and the Court lacks
jurisdiction to consider it.  Minaya's Motion, therefore, must
be denied.

In arriving at this conclusion, the Court does not address
the merits of Minaya's claim that the one-year limitations
period applicable to § 2255 motions should be extended in this
case.  If Minaya files his contemplated motion after July 13,
2022, he should reallege any facts showing that he has been
pursuing his rights diligently and that some extraordinary
circumstance prevented him from submitting his motion sooner.
See Green, 260 F.3d at 82 (holding that extraordinary
circumstances may warrant tolling the statute of limitations for
§ 2255 motions).

### III. Conclusion

For the reasons set forth above, Defendant Oscar Minaya's
Motion for a ninety-day extension of time to file a § 2255
motion is DENIED without prejudice.  The Court grants Minaya

leave to refile a motion for an extension of time after or upon the filing of a § 2255 motion.

**SO ORDERED.**

Dated:     New York, New York
           June 30, 2022

_____
           John F. Keenan
     United States District Judge